# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> BERT JACKSON et al., <br><br> Defendants. | 3:13-cv-00670-RCJ-WGC <br><br> **ORDER** |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. Plaintiff Kevin Fernandez has sued multiple Defendants based on events that occurred at Ely State Prison. The Court dismissed with prejudice upon screening under 28 U.S.C. § 1915A and denied Plaintiff's application to proceed *in forma pauperis* ("IFP"). The Court of Appeals affirmed dismissal of the due process claim based on denial of parole but ruled that the retaliation claim against Jackson and Marikami based on their alleged alteration of Plaintiff's mental health records in retaliation for filing a grievance should not have been dismissed, and that Plaintiff should have been given leave to amend the claim against other Defendants. The Court of Appeals also perceived a potential due process claim based on Plaintiff having been labelled as mentally ill and a sex offender and noted that this Court should address that issue in the first instance on remand. Since denial of supplemental jurisdiction over the state law claims based on the fact that all federal claims had been dismissed, *see* 28 U.S.C. § 1367(c)(3), was no longer supported

given the partial reversal, this Court should reconsider supplemental jurisdiction on remand. Finally, because the Court had denied the IFP application not on the merits of the application itself but because the Complaint stated no claims, the Court of Appeals reversed denial of the IFP application for reconsideration here in the first instance. The Court reinstated the IFP application and deferred a decision.

In another case brought by Plaintiff, No. 3:16-cv-350,[1] the Court denied Plaintiff's IFP application because he had at least three "strikes" under the Prison Litigation Reform Act and did not allege that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although Plaintiff alleged surreptitious poisoning of his food, he had been transferred to New Hampshire, far from the defendants. The strikes the Court found were: (1) Case No. 3:13-cv-412, in which Judge Du dismissed for failure to state a claim; (2) Case No. 3:06-cv-511, in which Judge Sandoval dismissed the federal causes of action for failure to state a claim and declined jurisdiction over the state law claims; and (3)–(4) Case No. 1:13-cv-94 in the District of North Dakota, in which the district court dismissed for failure to state a claim, and the Eighth Circuit summarily affirmed under Eighth Circuit Rule 47A(a), indicating that the Court of Appeals found the appeal to be "frivolous and entirely without merit." The Court of Appeals reversed, ruling: (1) the Eighth Circuit's affirmance in the North Dakota case did not count as a strike, because although the panel cited a circuit rule expressly applicable to appeals that are "frivolous and entirely without merit," the panel did not separately recite those words in its order; and (2) the dismissal of the '511 Case did not count as a strike under the intervening precedent of *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017) because the case had been removed from state court.

---

[1] Plaintiff currently has five open prisoner civil rights cases in this District alone, as well as nine closed cases.

In the interim, however, Plaintiff has incurred another strike. In Case No. 1:17-cv-226 in the District of New Hampshire, the district court dismissed the federal causes of action for failure to state a claim and declined jurisdiction over the state law claims. (*See* R&R, ECF No. 16 in No. 1:17-cv-226 (D.N.H.); Order Adopting R&R, ECF No. 20 in No. 1:17-cv-226 (D.N.H.)). The Court therefore again denies the IFP application and defers screening.

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days to pay the filing fees. Failure to comply may result in dismissal without prejudice without further notice.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 32) is DENIED as moot.

IT IS SO ORDERED.

Dated this 27 day of March, 2018.

_____
ROBERT C. JONES
United States District Judge