# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN FERNANDEZ,

    Plaintiff,

vs.

BERT JACKSON et al.,

    Defendants.

3:13-cv-00670-RCJ-WGC

**ORDER**

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. Plaintiff Kevin Fernandez has sued multiple Defendants based on events that occurred at Ely State Prison. The Court dismissed with prejudice upon screening under 28 U.S.C. § 1915A and denied Plaintiff's application to proceed *in forma pauperis* ("IFP"). The Court of Appeals affirmed dismissal of the due process claim based on denial of parole but ruled that the retaliation claim against Jackson and Marikami based on their alleged alteration of Plaintiff's mental health records in retaliation for filing a grievance should not have been dismissed, and that Plaintiff should have been given leave to amend the claim against other Defendants. The Court of Appeals also perceived a potential due process claim based on Plaintiff having been labelled as mentally ill and a sex offender and noted that this Court should address that issue in the first instance on remand. Since denial of supplemental jurisdiction over the state law claims based on the fact that all federal claims had been dismissed, *see* 28 U.S.C. § 1367(c)(3), was no longer supported

given the partial reversal, this Court should reconsider supplemental jurisdiction on remand. Finally, because the Court had denied the IFP application not on the merits of the application itself but because the Complaint stated no claims, the Court of Appeals reversed denial of the IFP application for reconsideration here in the first instance. The Court reinstated the IFP application and deferred a decision.

In another case brought by Plaintiff, No. 3:16-cv-350,[1] the Court denied Plaintiff's IFP application because he had at least three "strikes" under the Prison Litigation Reform Act and did not allege that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although Plaintiff alleged surreptitious poisoning of his food, he had been transferred to New Hampshire, far from the defendants. The strikes the Court found were: (1) Case No. 3:13-cv-412, in which Judge Du dismissed for failure to state a claim; (2) Case No. 3:06-cv-511, in which Judge Sandoval dismissed the federal causes of action for failure to state a claim and declined jurisdiction over the state law claims; and (3)–(4) Case No. 1:13-cv-94 in the District of North Dakota, in which the district court dismissed for failure to state a claim, and the Eighth Circuit summarily affirmed under Eighth Circuit Rule 47A(a), indicating that the Court of Appeals found the appeal to be "frivolous and entirely without merit." The Court of Appeals reversed, ruling: (1) the Eighth Circuit's affirmance in the North Dakota case did not count as a strike, because although the panel cited a circuit rule expressly applicable to appeals that are "frivolous and entirely without merit," the panel did not separately recite those words in its order; and (2) the dismissal of the '511 Case did not count as a strike under the intervening precedent of *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017) because the case had been removed from state court.

---

[1] Plaintiff currently has five open prisoner civil rights cases in this District alone, as well as nine closed cases.

In the interim, however, Plaintiff has incurred another strike. In Case No. 1:17-cv-226 in the District of New Hampshire, the district court dismissed the federal causes of action for failure to state a claim and declined jurisdiction over the state law claims. (*See* R&R, ECF No. 16 in No. 1:17-cv-226 (D.N.H.); Order Adopting R&R, ECF No. 20 in No. 1:17-cv-226 (D.N.H.)). The Court therefore again denied the IFP application and deferred screening, giving Plaintiff 30 days to pay the filing fee. He has not done so, but has asked the Court to reconsider. The Court declines to reconsider.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, even with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

*Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. These factors weigh heavily in favor of dismissal where the congressional purpose of the PLRA is implicated, i.e., the three-strikes rule. The risk of prejudice to Defendants is significant, because maintenance of the case without prepayment of full filing fees would irreparably harm Defendants' interests (as protected by Congress under the PLRA) against having to defend repeated unmeritorious prisoner lawsuits. The public policy favoring the disposition of cases on their merits is not implicated where dismissal is without prejudice. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the filing fees within 30 days stated, "Failure to comply may result in dismissal without prejudice without further notice."

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 10th day of May, 2018.

_____
ROBERT C. JONES
United States District Judge